UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 6:18-cr-215-Orl-37DCI

NICOLE BLAIR DICKERSON
_____

**ORDER**

This case involves an array of unprofessional conduct by Defendant Nicole Blair Dickerson, an attorney appearing in multiple cases before this Court. Following Ms. Dickerson's violation of *In re: Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida*, General Order 6:13-mc-94-22 (M.D. Fla. Sept. 26, 2013) ("**Standing Order**"), the Undersigned set a hearing for September 18, 2018, so Ms. Dickerson could show cause why sanctions should not be imposed for this violation. (Doc. 1; *see also* Doc. 13 (incident report).) When Ms. Dickerson failed to appear, the Court initiated criminal contempt proceedings against her pursuant to 18 U.S.C. § 401 for: (1) violating the Standing Order; (2) failing to appear at the show cause hearing; and (3) failing to timely pay a monetary fine imposed by U.S. District Judge Gregory A. Presnell. (Doc. 1, p. 1.) The Court set the matter for bench trial commencing October 3, 2018. (*Id.* at 2.)

Following a trial continuance (Doc. 8), the Court held a status conference on November 16, 2018 to ascertain the U.S. Attorney's position on prosecuting criminal contempt proceedings against Ms. Dickerson. (Doc. 11 ("**Status Conference**").) At the

Status Conference counsel for the U.S Attorney's Office informed the Court that based on its investigation, it would be unable to meet the willfulness element of criminal contempt proceedings. (Doc. 14, pp. 3–7.) Thus, the Court dismissed the criminal contempt proceedings against Ms. Dickerson. (*Id.* at 19.) But the Court informed Ms. Dickerson that the situation would be referred to the Grievance Committee for the Orlando Division of the Middle District of Florida ("**Grievance Committee**") for recommendations regarding Ms. Dickerson's eligibility to practice in the Middle District of Florida and any other appropriate sanctions for failure to comply with Court orders. (*Id.* at 19–22.) Now before the Court is the Report and Recommendations of the Grievance Committee dated February 15, 2019. (Doc. 16 ("**R&R**").)

The Grievance Committee's investigation revealed the following: In *United States v. Rolle*, Case No. 6:17-cr-301-Orl-31GJK, Ms. Dickerson: (1) failed to appear at status conferences; (2) arrived late to trial multiple times; (3) violated the Court's Standing Order; and (4) failed to timely pay a monetary fine for arriving late to trial. (*Id.* at 1–4.) Prior to *United States v. Dickerson*, Case No. 6:18-cr-215-Orl-37DCI, Ms. Dickerson failed to appear at the show cause hearing that led to initiation of these contempt proceedings. (*Id.* at 4–5.) In *United States v. Ivory*, Case No. 6:18-cr-166-Orl-40LRH, Ms. Dickerson: (1) delayed in requesting a writ of habeas corpus; (2) untimely filed motions for continuances; and (3) delayed in trial preparation. (*Id.* at 5–6.) And in a Florida Fifth District Court of Appeal case, *Florida v. Teague*, Case No. 18-904, Ms. Dickerson was sanctioned for: (1) failing to timely open orders; (2) failing to be familiar with relevant rules; and (3) dilatory conduct that led to her clients' appeals being dismissed. (*Id.* at 6.)

She also appeared late for her sanctions hearing in that case. (*Id.*) In other words, she was sanctioned for the same behavior she exhibited in this Court. (*Id.*)

Based on its investigation, the Grievance Committee found that her conduct warrants serious sanctions. (*Id.* at 7.) Specifically, the Grievance Committee reasoned that:

> While these facts may have absolved [Ms. Dickerson] of criminal responsibility for her actions at issue in the [contempt] case, they do not justify them. [Ms. Dickerson] has exhibited a pattern of failing to appear, or appearing late, for court hearings, and for other dilatory conduct impacting her clients. This pattern is unacceptable regardless of whether those failures are the result of [Ms. Dickerson's] intentional misconduct, negligence, or failure to properly hire and train firm employees.

(*Id.* at 8.) The Grievance Committee was unconvinced that Ms. Dickerson "has truly reckoned with how her behavior has formed a pattern of unprofessionalism that has not only delayed the Court system and the administration of justice, but has also impacted her clients, as well." (*Id.* at 9.) Ultimately, the Grievance Committee concluded that Ms. Dickerson "has violated the Florida Rules of Professional Conduct as well as multiple Orders of this Court" and that she "has not demonstrated the competence and professionalism necessary to practice in the Middle District of Florida." (*Id.*) So the Grievance Committee recommends the Court impose a number of severe sanctions. (*Id.* at 10–11.)

Following receipt of the R&R, the Court directed Ms. Dickerson to file a response to the R&R on or before March 6, 2019. (Doc. 17.) Ms. Dickerson failed to respond. Upon consideration of the findings and recommendations detailed in the R&R, as well as the Undersigned's own experiences with Ms. Dickerson, the Court agrees with the Grievance Committee and finds that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendations of the Grievance Committee (Doc. 16) is **ADOPTED.**

2. Nicole Blair Dickerson is **REFERRED** to the Florida Bar.

3. Beginning Monday, **April 8, 2019**, and continuing through Wednesday, **April 8, 2020**, attorney Nicole Blair Dickerson is **SUSPENDED** from membership in the Bar of the U.S. District Court for the Middle District of Florida.

4. **Effective immediately**, Ms. Dickerson is **PROHIBITED** from appearing as counsel in any new cases in this District and may not do so until she is reinstated to the Bar of the Middle District of Florida.

5. Prior to petitioning the Bar of the Middle District of Florida for reinstatement, Ms. District **MUST** meet the following conditions:

    a. Submit to the Florida Bar for a "Comprehensive Evaluation";

    b. Submit to the Florida Bar's Professionalism Workshop and Stress Management Workshop during the period of the suspension;

    c. Attend in person and complete all aspects of a Law Practice Management CLE;

    d. Attend in person and complete all aspects of the Practicing with Professionalism CLE;

    e. Pay all outstanding monetary sanctions, fees, and costs levied against her, in any federal, state, or disciplinary actions, including

those sanctions that may be ordered by this Court;

  f. Complete all remediation ordered by the Florida Bar;

  g. Complete all remediation ordered by any court, including reporting of any sanctions orders levied by any court to the appropriate parties;

  h. Re-read the Florida Rules of Professional Conduct, the Local Rules of this Court, and the Court's Standing Order on the Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida in full and certify in writing to this Court that she has done so; and

  i. Report to the Court the completion of subparagraphs (a) through (i) of this paragraph on or before the date marking the end of the suspension period.

6. The Clerk is **DIRECTED** to:

  a. Send a copy of this Order and the Grievance Committee's Report and Recommendations (Doc. 16) to the Florida Bar.

  b. Distribute a copy of this Order to all judicial officers in the Middle District of Florida.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 8, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

Lauren Millcarek, Chair of the Grievance Committee for the Orlando Division of the Middle District of Florida

The Florida Bar

All District and Magistrate Judges in each division of the U.S. District Court for the Middle District of Florida